## McLUCAS et al. v. LANGWORTHY et al.
### No. 1256.

District Court, W. D. Missouri, W. D.
June 2, 1934.

James A. Reed and Massey Holmes, both of Kansas City, Mo., for complainants.

Cyrus Crane, of Kansas City, Mo., Edwin S. Mack, of Milwaukee, Wis., and E. F. Halstead, of Kansas City, Mo., for defendant H. M. Langworthy.

Sam B. Sebree, of Kansas City, Mo., for defendants George M. Sittenfeld, James O. Goodwin, C. F. Condry, Fred Niermeyer, and Mary V. Marcell.

Robert T. Sloan, Jr., and George L. Edwards, both of Kansas City, Mo., for defendants James F. Goodman and Gerald Parker.

Cyrus Crane and E. F. Halstead, both of Kansas City, Mo., for defendants Gordon T. Beaham and Edna D. Mersereau.

REEVES, District Judge.

### Findings of Fact.

1. This suit is brought by complainants as trustees for the owners of the greater portion of all bonds issued or assumed by the insolvent Kansas City Joint Stock Land Bank of Kansas City, Mo., hereinafter referred to as the Kansas City Bank, for the purpose of determining the rights, powers, and duties of complainants and of the receiver of the Kansas City Bank and for instructions with reference to certain controversies which have arisen between certain of these bond owners and between certain bond owners and the receiver with respect to the construction and interpretation of the Federal Farm Loan Act (USCA title 12, c. 7, § 641 et seq.).

2. By stipulation the case was submitted upon the bill and answers and cross-bills of the respective parties, and the court, having considered the same, makes the following findings of facts:

3. The Kansas City Bank was organized originally as the Liberty Joint Stock Land Bank of Salina, Kan., with its principal office located at Salina, Kan. Its charter, dated January 9, 1918, was issued by the Federal Farm Loan Board pursuant to the provisions of an Act of Congress approved July 17, 1916, and amendatory acts thereof, known

458

and hereinafter referred to as the Federal Farm Loan Act (12 USCA § 641 et seq.). Later the principal office of the bank was moved to Kansas City, Mo., and on March 14, 1922, the name of the bank was changed to Liberty Joint Stock Land Bank of Kansas City, Mo., and on March 19, 1922, the name of the bank was changed to Kansas City Joint Stock Land Bank of Kansas City, Mo. On May 4, 1927, the bank having defaulted in its obligations, the Federal Farm Loan Board, pursuant to the provisions of section 29 of the Federal Farm Loan Act as amended, declared the bank to be insolvent and appointed William R. Compton as receiver of the bank, and on February 8, 1928, Mr. Compton having submitted his resignation as receiver, the Federal Farm Loan Board appointed the defendant H. M. Langworthy as receiver, to succeed Mr. Compton, effective at the close of February 15, 1928.

4. During the period in which the Kansas City Bank existed as a going concern, the Missouri Joint Stock Land Bank of Kansas City, Mo., the Wichita Joint Stock Land Bank of Wichita, Kan., the Bankers' Joint Stock Land Bank of Boonville, Mo., and the Liberty Central Joint Stock Land Bank of St. Louis, Mo., hereinafter referred to as the Missouri Bank, the Wichita Bank, the Boonville Bank, and the Liberty Central Bank, respectively, were liquidated, and, for the purpose of assisting in the liquidation of these banks, the Kansas City Bank, pursuant to provisions of section 16 of the Federal Farm Loan Act, as amended (12 USCA § 801 et seq.), acquired the assets and assumed the liabilities of these liquidated banks.

5. At the date of liquidation, the Missouri Bank had issued outstanding farm loan bonds in the aggregate principal amount of $1,143,000, the Wichita Bank had issued outstanding farm loan bonds in the aggregate principal amount of $4,500,000, the Boonville Bank had issued outstanding farm loan bonds in the aggregate principal amount of $218,500, and the Liberty Central Bank had issued outstanding farm loan bonds in the aggregate principal amount of $3,966,000, making a total of farm loan bond liability in the principal amount of $9,527,500 which was assumed by the Kansas City Bank.

6. After the Kansas City Bank had acquired the assets and assumed the liabilities of the four liquidated banks, certain of the farm loan bonds originally issued by the liquidated banks were surrendered from time to time, and bonds in the name of the Kansas City Bank were issued in lieu thereof, and at the date of the receivership of the Kansas City Bank its obligations on account of principal of outstanding farm loan bonds consisted of $1,050,000 in bonds which had been issued by the Missouri Bank, $4,431,000 in bonds which had been issued by the Wichita Bank, $102,700 in bonds which had been issued by the Boonville Bank, $3,766,500 in bonds which had been issued by the Liberty Central Bank, and $35,027,500 in bonds which had been issued by the Kansas City Bank, so that on May 4, 1927, the aggregate face amount of outstanding farm loan bonds issued or assumed by the Kansas City Bank was $44,377,700, of which amount bonds of a par value of $1,200 had been acquired by the Kansas City Bank.

7. The $44,377,700 in bonds which had been issued or assumed by the Kansas City Bank, and which were outstanding at the date of its Receivership, May 4, 1927, represented 544 separate bond issues which had been made from time to time, either by the Kansas City Bank or by a liquidated bank.

8. At the time of each of these bond issues, the bank of issue, pursuant to the provisions of the Federal Farm Loan Act, transferred by assignment, in trust, to the Federal Farm Loan Registrar, to be held by him as collateral security, first mortgages on farm lands, payable in annual or semiannual installments, and qualified under the provisions of section 12, section 15, or section 16 of the Federal Farm Loan Act as amended (12 USCA §§ 771, 772, 801 et seq.), or United States government bonds not less in aggregate amount than the sum of the bonds composing that issue.

9. By reason of withdrawals and substitutions of first mortgages and government securities which were initially assigned in trust as collateral security, and the constant reduction in amounts of first mortgages on account of amortization payments, partial payments and payments in full, there was, from the beginning, a constant change in the collateral security held by the Farm Loan Registrar, so that, aside from a relatively small amount of government securities, the collateral held by the Registrar on May 4, 1927, consisted in part of unpaid balances of farm mortgage loans which had been initially pledged, in part of unpaid balances of farm mortgage loans which had been pledged as substituted security for collateral which had been withdrawn, and in part of unpaid balances of farm mortgage loans which had been pledged for the purpose of making up the diminution of security caused by amorti-

zation payments, partial payments, and full payments on the pledged mortgages.

10. Upon his appointment, the receiver of the Kansas City Bank was directed by the Federal Farm Loan Board, pursuant to the provisions of the act, to take possession of the books, records, and assets of every description of the bank, and he proceeded with the administration of all its assets, including the collateral held in trust as collateral security for the payment of àll bonds issued or assumed by the bank.

11. Defendants Goodman and Parker assert that, by reason of the terms and provisions of the Federal Farm Loan Act and the steps taken pursuant thereto, such of the farm mortgages as were assigned in trust by the Kansas City Bank or any of the liquidated banks and as were in the possession of the Farm Loan Registrar on May 4, 1927, and as are identifiable as having been delivered to the Registrar as one of the prerequisites to the issuance of a particular series or issue of bonds and as are (or the avails of any whereof are) now in the possession of the defendant receiver, were initially, and at all times have been, and now are, specially pledged for the benefit of such original issue of bonds and none other. They ask that the receiver be enjoined from selling the pledged collateral except in such parcels that the proceeds from collateral claimed by them to have been specially pledged for the benefit of a particular bond issue may be identified and applied exclusively to the payment of the bonds of that issue.

12. Defendants Sittenfeld, Goodwin, Condry, Niermeyer, and Marcell assert that under the terms of the Federal Farm Loan Act such of the farm mortgages and avails thereof as were in possession of the Farm Loan Registrar on May 4, 1927, and as are identifiable as having been delivered to the Registrar as one of the prerequisites to the issuance of any bonds issued by a particular bank, were initially, and at all times have been, and now are, specially pledged for the benefit of bonds issued by that particular bank and none other. They ask that the receiver be enjoined from selling the pledged collateral except in such parcels that the proceeds from collateral claimed by them to have been specially pledged as security for the bonds issued by a particular bank may be identified and applied exclusively to the payment of bonds issued by that bank.

13. Defendants Langworthy, receiver, and Beaham and Mersereau assert that all farm mortgages and government securities and all net avails thereof now held in trust as collateral security in connection with outstanding bonds issued or assumed by the Kansas City Bank are held in one common trust as collective security for all bonds issued or assumed by the Kansas City Bank without distinction or preference as to particular bond issues or banks of issue and without preference or priority of one bond over another, with full power and authority in the receiver to sell all such collateral security as a whole or in such parcels as may be directed or approved by the Federal Farm Loan Board, and to apply the net proceeds arising therefrom, pro rata, to the payment of all outstanding bond obligations, without distinction as to the issue or bank of issue.

### Conclusions of Law.

The premises considered, the court finds as a matter of law:

1. That by reason of the conflicting claims advanced by the various parties in this cause, the same comes within the equitable jurisdiction of this court.

2. That all farm mortgages and government securities, and all net avails thereof, deposited and held in trust as collateral security in connection with outstanding bonds issued or assumed by the Kansas City Joint Stock Land Bank of Kansas City, were and are held in one common trust as collective security for the ratable benefit of all bonds issued or assumed by said Kansas City Joint Stock Land Bank of Kansas City without distinction or preference as to particular bond issues or banks of issue without preference or priority of one bond over another, with full power and authority in the receiver to sell all such collateral security as a whole, or in such parcels as may be directed or approved by the Federal Farm Loan Board, and to apply the net proceeds arising therefrom, pro rata, to the payment of all outstanding bond obligations without distinction as to the issue or bank of issue.

3. That, under the terms and provisions of the Federal Farm Loan Act, the receiver of the Kansas City Joint Stock Land Bank was not required to segregate said collateral securities or their net proceeds according to bond issues or banks of issue.

4. That no grounds are presented in this cause for interfering with the defendant receiver in the administration and sale of said collateral.